IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 4:14CR3138 |
| ) | |
| v. ) | |
| ) | |
| ANDREW JOSE ESPINOZA, ) | MEMORANDUM AND ORDER |
| ) | |
| Defendant. ) | |
| ) | |

Andrew Jose Espinoza (the Defendant) filed a motion under 28 U.S.C. § 2255. I have conducted an initial review of the motion[1]. It plainly appears from the motion, any attached exhibits, and the record of prior proceedings that he is not entitled to relief.

The United States Supreme Court has held that the imposition of an increased sentence under the residual clause of the Armed Career Criminal Act (18 U.S.C. § 924 (e)(2)(B)(ii)), violates the Constitution's guarantee of due process. *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (U.S. June 16, 2015). The Defendant argues that the two offenses that were used to make him a career offender do not count under *Johnson* and its progeny. Thus, he claims the right to a new sentence. He also argues

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

that his counsel was ineffective "for not challenging the improperness of the two predicate convictions that the Government used to enhance his sentence as a career offender." (Filing no. 158 at CM/ECF p. 13.)

What the Defendant fails to recognize is that I separately and alternatively upwardly departed to the same level he would have been at as a career offender. I thought him to be a danger to the public regardless of whether he was a career offender and that alternative sentence was affirmed on direct appeal.

The Court of Appeals wrote:

Shortly before he pled guilty, Espinoza violated the terms of his pretrial release by threatening staff at his halfway house. The revised PSR classified Espinoza as a career offender under U.S.S.G. § 4B1.1, due to a prior felony conviction for possession with intent to deliver a hazardous drug, and two prior felony convictions for a crime of violence (a Nebraska conviction for terroristic threats and a Texas conviction for burglary of a building). Espinoza objected to the career offender designation.

Before sentencing, the district court notified the parties that it was considering an upward variance regardless of the outcome of the career offender issue because of Espinoza's "extensive criminal history and the conduct that caused revocation of pretrial release." At sentencing, the district court applied the career offender enhancement, increasing the guideline range from 130-168 months to 188-235 months. The district court said:

> With respect to the career offender—the legal questions regarding the career offender issue, even if the defendant was technically not a career offender, I would, nevertheless, sentence him as if he were because of two things. Under 18 U.S.C. § 3553(a), one of the things that I must ... consider is to protect the public from future crimes of the offender. The defendant's criminal history in this case is, as I have said a moment ago, breathtaking. Moreover, the presentence report indicates that his pretrial release was revoked because he made threats to the staff at the halfway house, so to speak, where he was being treated. That suggests to me a very high risk—those two things suggest to me a very

2

> high risk to re-offend, similar to the very high risk that we see in career offenders. So, I will upwardly vary accordingly.

The court sentenced Espinoza to 188 months' imprisonment. Espinoza argues that the district court erred in applying the career offender enhancement because the two convictions for terroristic threats and burglary of a building are not crimes of violence under U.S.S.G. § 4B1.2. He also claims the sentence is unreasonable.

It is "unnecessary to address whether [Espinoza] qualifies as a career offender, because the district court's alternative decision to vary upward from the advisory guideline range is sufficient to justify the sentence imposed." *See United States v. Hentges*, 817 F.3d 1067, 1068 (8th Cir. 2016). The discussion at sentencing shows that "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Molina–Martinez v. United States*, ––– U.S. ––––, 136 S.Ct. 1338, 1346–47, 194 L.Ed.2d 444 (2016) ("Judges may find that some cases merit a detailed explanation of the reasons the selected sentence is appropriate. And that explanation could make it clear that the judge based the sentence he or she selected on factors independent of the Guidelines.").

This court "may not apply a presumption of unreasonableness" when a sentence is outside the guidelines range. *United States v. Moralez*, 808 F.3d 362, 368 (8th Cir. 2015). This court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*. Espinoza violated his pretrial release by threatening the staff at his halfway house. The district court found that he had a high risk of re-offending, and that the need to protect the public outweighed any mitigating factors. Espinoza's sentence—20 months above the original guidelines—is based on the court's consideration of the statutory goals of sentencing and factors in § 3553(a). See *Hentges*, 817 F.3d at 1068–69 (affirming district court's upward variance based, in part, on defendant's "extensive criminal history", and his "extremely poor" performance on correctional supervision). The district court's above-guidelines sentence is reasonable.

*United States v. Espinoza*, 831 F.3d 1096, 1098 (8th Cir. 2016).

In short, the Defendant is not entitled to relief because I imposed a sentence in the alternative and the Court of Appeals affirmed that alternative sentence. His lawyer could not have been ineffective for not challenging the "predicate offenses" because I treated the offenses as normal criminal history and not "predicate offenses." Besides, the Defendant does not contend that his criminal history was inaccurate.[2]

Finally, a defendant cannot appeal an adverse ruling on a § 2255 motion unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that the Defendant is not entitled to a certificate of appealability.

IT IS ORDERED that the § 2255 motion (filing no. 158) is denied with prejudice, no certificate of appealability will be issued, and judgment will be entered by separate document. The motion for appointment of counsel (filing no. 159) is likewise denied.

DATED this 31st day of October, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[2]His lawyer was the superb Assistant Federal Public Defender John Vanderslice. Prior to sentencing, it is the typical practice for Mr. Vanderslice to request and receive from the probation officer the underlying documents for criminal history that is counted.